STATE of Tennessee, Appellee,

v.

**David CAPPS & Lamar Adult World, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 22, 1984.

Permission to Appeal Denied by the Supreme Court June 4, 1984.

Tommy H. Jagendorf, N. Allan Lubin, Memphis, for appellants.

William M. Leech, Jr., Atty. Gen. & Reporter, Jennifer Helton Small, Asst. Atty. Gen., Nashville, Sid Alexander, James Wilson, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellants, David Capps and Lamar Adult World, appeal as of right their convictions for violating T.C.A. § 39–3004 (now T.C.A. § 39–6–1104). Capps was found guilty of unlawfully and knowingly distributing obscene material and sentenced to confinement for sixty days. Lamar Adult World, doing business as Lamar Mini-Adult Theater, was convicted of possessing with intent to distribute obscene material and fined $25,000.

The evidence clearly established that appellant Capps was the sole owner of Lamar Adult World, an adult movie theater located at 2355 Lamar Avenue in the City of Memphis. Capps had applied for and obtained a business tax license to operate the establishment and had secured permits for a number of coin-operated "peep-show" movie machines. On November 30, 1981, one of his employees sold an undercover policeman an eight millimeter film entitled "Senior Sex" for twenty dollars.

The defense proof consisted of testimony by co-defendant Earl Hagler, who was found not guilty of distributing obscene material. He testified that he was a minimum wage employee of the theater and sold the film "Senior Sex" to the undercover officer on November 30, 1981.

The first issue: The appellants contend that the trial court erred in denying their motion for judgment of acquittal pursuant to Tenn.R.Crim.P. 29(a). Summed up, their argument is that the film was not obscene, and therefore the evidence was

insufficient as a matter of law to be submitted to the jury. They rely on *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); *Jacobellis v. Ohio*, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); *Taylor v. State ex rel. Kirkpatrick*, 529 S.W.2d 692 (Tenn.1975).

The following definition of obscenity, based on the standards set by the *Miller* decision, is found at T.C.A. § 39–6–1101(5):

" 'Obscene means:

"(A) That the average person applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest;

"(B) That the work depicts or describes, in a patently offensive way, sexual conduct; and

"(C) That the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

We have viewed the film "Senior Sex" and have absolutely no compunction in holding that the film is grossly obscene. With the film in the record, it is not necessary for us to describe in detail its sordid contents. *See Taylor v. State ex rel. Kirkpatrick, supra.* It is sufficient to state that the film overwhelmingly satisfies all three prongs of the obscenity standard set out above. Neither the federal constitution nor the state constitution was ever intended under any amendment or article to protect such material. The first issue is overruled.

█ The second issue: The argument is made that since appellant Capps owns Lamar Adult World as a sole proprietorship, his sentence of confinement and the fine against his business constitute double punishment. The appellants contend that such punishment is not permitted nor intended by the statute. We disagree.

There is no question that Capps as an individual falls within the provisions of T.C.A. § 39–6–1104(d)(1). Lamar Adult World, as an entity doing business in this state, is also clearly covered by T.C.A. § 39–6–1104(f). It was plainly the intent of the legislature in enacting this statute to

punish not only the individual but also the business entity. This issue overruled, the judgment of the trial court is affirmed.

CORNELIUS and FORD, JJ., concur.